O

# United States District Court
# Central District of California

| | |
|---|---|
| JONATHAN CHRISTIAN,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER BRETT RUTKOWSKI;<br>OFFICER JAMES MOON; OFFICER<br>ADANIZ COOK; CITY OF LOS<br>ANGELES; and DOES 1-10, inclusive,<br><br>Defendants. | Case № 2:14-cv-08924-ODW (MRWx)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR STAY [44]** |

## I. INTRODUCTION

Defendant Officer Brett Rutkowski moves to stay the proceedings based on the possibility of being criminally charged for the same incident underlying this lawsuit. Plaintiff Jonathan Christian opposes the stay, and Defendant Officers James Moon and Adaniz Cook partially oppose the stay. Defendant City of Los Angeles does not oppose the stay. For the reasons discussed below, the Court **DENIES** the Motion.[1] (ECF No. 44.)

///

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

This action arises out of the alleged shooting of Plaintiff by Los Angeles Police Officers Brett Rutkowski, James Moon, and Adaniz Cook in August 2014. (Compl. ¶¶ 12–13.) Plaintiff brings this action against Officers Rutkowski, Moon, and Cook, as well as the City of Los Angeles, and asserts claims under 42 U.S.C. § 1983 for violation of the Fourth Amendment and state law claims for battery and negligence. (Compl. ¶¶ 15–43.)

An investigation of the circumstances surrounding the shooting was apparently completed by the LAPD and reviewed by its Chief of Police. (Mot., Decl. Feeley.) Those findings, as well as the Chief's evaluation of the shooting, were forwarded to the District Attorney's Office. (*Id.*) As of the date this Motion was filed, the District Attorney's Office has not issued a decision on whether or not it will pursue criminal charges against Officer Rutkowski.[2] (*Id.*) In addition, there has apparently been significant public pressure for the District Attorney to file criminal charges against LAPD officers involved in a similar shooting that also occurred in August 2014. (*Id.*)

On July 8, 2015, Officer Rutkowski filed the instant Motion. (ECF No. 44.) On July 22, 2015, the City of Los Angeles submitted a Notice of Non-Opposition to the Motion. (ECF No. 47.) On July 27, 2015, Plaintiff opposed. (ECF No. 50.) On July 29, 2015, Officers Moon and Cook partially opposed. (ECF No. 53.) On July 30, 2015, Officer Rutkowski replied. (ECF No. 54.) The Motion is now before the Court for consideration.

## III. LEGAL STANDARD

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "Nevertheless, a court may decide in

---

[2] The Court notes that Mr. Feeley, who is Officer Rutkowski's attorney of record, does not lay any foundation for his knowledge of these facts. Nevertheless, given that Plaintiff did not object to Mr. Feeley's declaration, the Court will assume these facts to be true.

its discretion to stay civil proceedings . . . when the interests of justice seem to require such action." *Id.* (brackets and internal quotation marks omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

In deciding whether or not to stay a civil proceeding in the face of a parallel criminal proceeding, the court should first "consider 'the extent to which the defendant's [F]ifth [A]mendment rights are implicated.'" *Keating*, 45 F.3d at 324 (citation omitted). The court should then consider "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Id.* at 325.

## IV. DISCUSSION

Officer Rutkowski argues that the matter should be stayed until either the District Attorney's Office confirms that it will not file criminal charges against him, or until the statute of limitations on a charge of assault with a deadly weapon expires in August 2017. Plaintiff counters that Officer Rutkowski's Fifth Amendment rights are not implicated because criminal charges have not been filed against him (yet), and that the remaining *Keating* factors also weigh against such a lengthy stay. The Court agrees with Plaintiff.

**A.  Officer Rutkowski's Fifth Amendment Rights**

"[T]here is a strong case in favor of a stay after a grand jury returns a criminal indictment and where there is a large degree of overlap between the facts involved in both cases." *Roberts v. Brown*, No. 2:13-CV-07461-ODW, 2014 WL 3503094, at *2 (C.D. Cal. July 14, 2014). However, "[t]he case for staying civil proceedings is a far weaker one when no indictment has been returned, and no Fifth Amendment privilege

is threatened." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (brackets and internal quotation marks omitted); *see also Grimes v. Knife River Const.*, No. CIV S-13-02225 KJM, 2014 WL 1883812, at *2 (E.D. Cal. May 12, 2014) ("[T]here do not appear to be any cases granting a stay 'in the absence of any hint of criminal proceedings.'").

Although the Court recognizes the significant overlap between the allegations in this case and any criminal charges that Officer Rutkowski might face, there is no evidence that such charges are imminent. There is no evidence of any finding by the LAPD that he acted unlawfully, that the LAPD recommended to the District Attorney's Office that he be criminally prosecuted, or that the District Attorney's Office intends to charge him. Indeed, Officer Rutkowski concedes that it is simply "stand[ard] procedure" for the LAPD to investigate officer-involved shootings and for the District Attorney to be notified of the findings of such investigations. (Decl. Feeley.) Thus, the Court cannot conclude that not staying the case would substantially interfere with his Fifth Amendment rights.

The purported media coverage surrounding the alleged shooting of Ezell Ford presents no reason to stay this proceeding. First, it is pure speculation at this point that such public pressure will spill over into the shooting in which Officer Rutkowski was involved. Second, the Court has no reason to assume that the District Attorney's Office would decide whether to file criminal charges against Officer Rutkowski based on public pressure rather than the circumstances of the shooting.

**B.    The Remaining *Keating* Factors**

Four of the five remaining *Keating* factors favor denying the stay, particularly given the length of the stay requested. A civil plaintiff has an interest in having their case resolved quickly. *Roberts*, 2014 WL 3503094, at *3; *see also Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) ("'Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end.'" (citation omitted)).

Judicial efficiency also weighs against issuing a stay since the district court "ha[s] an interest in clearing its docket." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989). Both Officers Moon and Cook would be prejudiced by a stay as this would affect their ability to extricate themselves from what they claim is a meritless lawsuit against them. (Moon & Cook Opp'n at 1–2.) And finally, the public has a general interest in a speedy resolution of civil actions. *See Roberts*, 2014 WL 3503094, at *3; *Keating*, 45 F.3d at 326.

On the other hand, not staying the case will force Officer Rutkowski to choose between testifying in this case and asserting his Fifth Amendment privilege against self-incrimination. While not an insignificant concern, this alone does not outweigh the other factors that clearly disfavor a stay. *Keating*, 45 F.3d at 326 ("A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege."). Moreover, the gravity of the choice is substantially lessened given that there is no concrete showing that Officer Rutkowski will be criminally charged. (*See supra* Part IV.A.)

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Officer Rutkowski's Motion to Stay without prejudice to refiling the Motion should the District Attorney actually file criminal charges against him, or should he obtain concrete (and non-speculative) evidence that criminal charges will imminently be filed. (ECF No. 44.)

**IT IS SO ORDERED.**

September 17, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**